UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM DIERDORF,

                Plaintiff,

v.

ADVANCED MOTION THERAPEUTIC
MASSAGE, INC., et al,

                Defendants.

CASE NO.: 19-cv-62609-RAR

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

ADVANCE MOTION THERAPEUTIC MASSAGE, INC., et al ("Defendants"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby respectfully move this Court for entry of summary judgment in its favor on all claims alleged in Plaintiff's Complaint as there is no genuine issue for trial. Defendants state:

**BACKGROUND**

Plaintiff, a former employee, alleges that his former employer, Defendants, are liable for allegedly earned and unpaid overtime compensation[1]. Plaintiff seeks essentially the same damages in both counts of his two-count Complaint.

This Summary Judgment Motion is directed at all claims raised in Plaintiff's Complaint, which include allegations of unpaid overtime under the Fair Labor Standards Act ("FLSA"). Additionally, Defendant Advanced Motion Therapeutic of Vero Beach, LLC ("AMT Vero Beach") is an improper Defendant. No genuine issues of material fact exist on either issue. For the reasons explained in detail below, summary judgment should be entered regarding all claims.

---

[1] Defendants Maria Zambigadis and Omiros Zambigadis contest that they are Plaintiff's "employer" for purposes of the Fair Labor Standards Act, but do not contest such allegations for purposes of this Motion.

## SUMMARY OF ARGUMENT

Plaintiff is a former employee of Defendant Advanced Motion Therapeutic, Inc. who was properly compensated for all time worked. In the instant action, he claims he worked some unknown amount of hours of work per week above forty (40) hours for almost every workweek during an unspecified amount of time that he worked for Defendants, without providing any evidence to demonstrate that he actually worked these hours. Additionally, Plaintiff has failed to provide any evidence demonstrating that – even if Plaintiff did indeed work the unspecified amount of overtime – Defendants, at any time, were aware or had knowledge of Plaintiff's alleged overtime performed. This is a particularly troublesome leap when all evidence that has been presented in this case suggests the contrary. Plaintiff's claim must fail as he is not be able to establish an FLSA violation as a matter of law.

## STATEMENT OF MATERIAL FACTS

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are simultaneously filing a separate Statement of Material Facts ("SOF") in support of this Motion. The SOF is incorporated herein by reference. References to SOF in this Motion and memorandum are to the separately numbered paragraphs of the SOF.

## LEGAL ARGUMENT

**I. Summary Judgment Standard**

Summary judgment is mandated where there is no genuine issue of material fact to be tried, and the moving party is entitled to judgment as a matter of law. *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990); *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th

Cir. 1990). Where there are no disputed material facts, summary judgment is an appropriate disposition for actions under the FLSA, 29 U.S.C. § 201 et seq. *See Williams v. Jacksonville Terminal Co.*, 35 F.Supp. 267, 268 (S.D. Fla. 1940).

Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*) (quoting *Celotex*, 447 U.S. at 325).

To survive summary judgment, the opposing party must designate specific record evidence sufficient to establish each element of his or her own claim, such that a reasonable fact finder could find in that party's favor. *See Early*, 907 F.2d at 1080. Once the moving party's initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The opposing party may not rest upon its pleading allegations but must instead set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 325; *see also Kee*, 918 F.2d at 1540. A factual dispute is "genuine" only if the record taken as a whole could lead a rational trier of fact to find for the opposing party. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

## II. Summary Judgment Should Be Granted Because Plaintiff Cannot Demonstrate That He Worked Overtime Without Compensation

The FLSA, 29 U.S.C. § 201, et. seq., instructs that employers shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours ... specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

To recover on a claim for unpaid overtime wages, a plaintiff bears the burden of proving, with **definite and certain evidence**, that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, reh'g denied, 329 U.S. 822 (1946); *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), cert. denied, 449 U.S. 1077 (1981). To meet this burden, Plaintiff must prove that he was suffered or permitted to work without compensation. "Courts have interpreted this to mean that an FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation, and (2) the [employer] **knew or should have known** of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007) (emphasis added); *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates

the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time").

An employer's time records are the best evidence of an employee's work hours unless the employee puts forth plausible evidence to establish that the records are inaccurate and ought not to be relied upon. "Where the employer has records of time, the employee must come forward with sufficient evidence to call such records into question." *Straley v. Ferrellgas, Inc.*, 2009 WL 10670500, at *2 (M.D. Fla. Sept. 16, 2009) (citing *Allen*, 495 F.3d at 1314 (citation omitted).

An employee will fail to establish a genuine issue of material fact regarding their performance of unpaid overtime where they merely call into question their employer's recordkeeping. *Morgan v. Kalka & Baer LLC*, 750 F. App'x 784, 789 (11th Cir. 2018) (without offering any documentary evidence that plaintiff had worked unpaid overtime, plaintiff's evidence was insufficient to allow a just and reasonable inference of amount and extent of unpaid overtime work in action under the FLSA).

Plaintiff has failed to proffer any evidence sufficient to call into question Defendants' time records. Here, Plaintiff **prepared his own time records** and was fully compensated for all time – including overtime – which he performed. (SOF ¶ 1). Rather, in an effort to overcome this substantial deficiency, Plaintiff speculates that computer records reflecting his WebPT log-in and log-out times (the "Audit Log") may provide proof of unpaid hours worked. Specifically, Plaintiff contends that his time logged into his WebPT account is representative of time he spent inputting patient notes. However, such an estimate is insufficient to state a claim under the FLSA – making summary judgment against Plaintiff here appropriate. *See Straley*, 2009 WL 10670500, at *2. Moreover, Plaintiff has acknowledged that his log-ins to WebPT were not part of Defendants' payroll process. (SOF ¶ 3).

To date, Plaintiff has failed to proffer any evidence sufficient to rebut the documentation produced by Defendants. Namely, Plaintiff has not offered any documentary evidence that he worked unpaid overtime in excess of those hours in which he received compensation from Defendants. In fact, by his own admission, Plaintiff has made clear that he never reported this alleged time worked. (SOF ¶ 4). Specifically, Plaintiff has stated that he never requested to be paid for this time, nor did he ever report this time on his time sheets submitted to Defendants for compensation. (SOF ¶ 5). Plaintiff similarly acknowledges that he was never told by any employee of Defendants to not list overtime hours performed in his time sheets. (SOF ¶ 2). Based on the undisputed facts of the record, Plaintiff has therefore failed to set forth specific facts showing that there is a genuine issue for trial regarding this issue. *See King v. CVS/Caremark Corp.*, 2008 WL 11409387, at *4 (S.D. Fla. Sept. 11, 2008) (summary judgment granted in favor of employer where employee recorded his own time and failed to report the alleged unpaid overtime performed on his time sheets); *Straley*, 2009 WL 10670500, at *2 (same).

Accordingly, even after drawing all inferences in a light most favorable to Plaintiff, there is no jury that could reasonably rule in Plaintiff's favor after considering the undisputed facts on the record. Specifically, Plaintiff has failed to designate any specific record evidence sufficient to establish the first element of his unpaid overtime claim – namely, that he did indeed perform the alleged overtime – such that a reasonable fact finder could find in Plaintiff's favor. As a result, the Court should grant summary judgment in Defendants' favor and against Plaintiff as he is not be able to establish an FLSA violation as a matter of law.

### III. Summary Judgment Should Be Granted Because Plaintiff Cannot Demonstrate That Defendants Knew or Should Have Known of the Overtime Performed

Even if Plaintiff were able to establish that he performed unpaid overtime – which he has not – Defendants would still be entitled to summary judgment. In order to withstand summary

judgment on his claims for unpaid overtime, Plaintiff must also show that Defendants "either knew or had reason to believe that []he was working all of the unpaid hours []he now claims." *Straley*, 2009 WL 10670500, at *2 (citing 29 C.F.R. § 785.11; *Allen*, 495 F.3d at 1314).

Notably, "[a]n employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur." *Gilbert v. City of Miami Gardens*, 625 F. App'x 370, 373 (11th Cir. 2015) (quoting *Gaylord v. Miami–Dade Cnty.*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999)). Furthermore, where a former employee initially omits his alleged worked hours during his employment, such omission weighs heavily on a belated claim – raised only after his employment ends – that the employer should have known that the employee was initially lying. *Straley,* 2009 WL 10670500, at *2; *see also Allen*, 495 F.3d at 1319 ("There is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it").

Additionally, "[a]n employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur. Further, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer ... of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA." *Straley*, 2009 WL 10670500, at *2–3 (quoting *Fletcher v. Universal Tech. Inst., Inc.*, 2006 WL 2297041, at *5 (M.D. Fla. June 15, 2006)) (internal citations omitted) (alterations in original).

Plaintiff has failed to proffer any evidence – even when viewed in the light most favorable to him – that Defendants had knowledge of Plaintiff's alleged unpaid overtime performed. Plaintiff **recorded his own time sheets** throughout the entirety of his employment with Defendants. (SOF ¶ 1). As the record shows, Plaintiff was fully compensated for all hours worked – including

overtime – which he submitted to Defendants via his time sheets. Moreover, Plaintiff has repeatedly acknowledged that he never reported the overtime work he now alleges he previously performed. (SOF ¶ 5). Now, Plaintiff appears to claim that he inexplicably failed to include all hours worked by him; specifically, those spent completing patient notes using WebPT. Such retroactive application is unavailing. *See Straley,* 2009 WL 10670500, at *2; *Allen*, 495 F.3d at 1319.

Plaintiff has failed to proffer any evidence – even when taken in the light most favorable to Plaintiff – to support his contention that Defendants either knew or should have known that he performed the overtime for which he was unpaid. Throughout his employment with Defendants, Plaintiff never requested to be paid for this alleged time worked, nor did he ever report this time on his time sheets submitted to Defendants. (SOF ¶¶ 4-5). Plaintiff has also failed to put forward any evidence that Defendants ever relied on any Audit Log generated by WebPT reflecting Plaintiff's log-in and log-out times. Notably, there is no record evidence at all that Defendants ever generated or created WebPT Audit Logs as part of their use of WebPT services. Specifically, Defendants never generated any Audit Logs as part of any payroll functions. In fact, Plaintiff has explicitly acknowledged that his log-ins to WebPT were not part of Defendants' payroll process. (SOF ¶ 3).

Plaintiff has also stated that he never shared a WebPT report with any manager of Defendants. (SOF ¶ 12). In his deposition, Plaintiff also admitted that he is without knowledge as to whether Defendant Maria Zambigadis ever relied on a generated WebPT report showing the log-in and log-out times of Defendants' employees. (SOF ¶ 13). As such, any WebPT report now generated by Plaintiff is insufficient to establish knowledge on the part of Defendants.

Moreover, Plaintiff has repeatedly recognized Defendants' lack of knowledge. Notably, by his own admission, Plaintiff never had "conversations about overtime pay with anyone at AMT during the course of [Plaintiff's] employment," nor did he ever raise "the subject of overtime pay with anyone at AMT." (SOF ¶¶ 6-7). Plaintiff also never complained to management of Defendants about any alleged lack of unpaid overtime. (SOF ¶ 8). Plaintiff similarly acknowledges that he was never told by any employee of Defendants to not list overtime hours performed in his time sheets. (SOF ¶ 2).

Even at the time of his separation, Plaintiff still did not raise any claims of unpaid overtime. Notably, Plaintiff did not tell Defendants that his reason for resignation from his employment was due to the alleged lack of overtime payments. (SOF ¶ 9). Rather, Plaintiff told Defendants that his reason for resignation was to "go do something else." (SOF ¶ 10). At no point did Plaintiff report to Defendants that he was terminating his employment due to the alleged underpayment of overtime. (SOF ¶ 9). Plaintiff, in his own words, terminated his relationship "for greater opportunities." (SOF ¶ 11). Plaintiff's attempt to now retroactively proffer a new reason for his resignation after his employment ended is unavailing.

Therefore, even when viewing the evidence in the light most favorable to Plaintiff, he is unable to show that Defendants had any knowledge that his alleged uncompensated overtime ever occurred. *See Gilbert*, 625 F. App'x at 373; *King*, 2008 WL 11409387, at *4 (where it was undisputed that employee recorded his own time and admittedly failed to report the alleged overtime on his time sheets, there was no evidence that his employer had actual or constructive knowledge of the alleged overtime performed, and therefore summary judgment for the employer was appropriate). Even if Plaintiff had proffered evidence sufficient to show that there is a genuine

issue for trial that he performed unpaid overtime – which he has not – Defendants cannot be viewed as having knowledge of the alleged work performed. Therefore, no violation of the FLSA exists.

In rebuttal, Plaintiff only proffers conclusory allegations – without any facts in support – in an attempt to support his claim that Defendants knew that he was working off-the-clock. Plaintiff's claims are insufficient as a matter of law on these grounds. *Straley*, 2009 WL 10670500, at *3 (plaintiff's contention that employer "knew" she was working off the clock, where the record reflected nothing but conclusory statements, personal opinion, and speculation as the basis, was insufficient as a matter of law).

Accordingly, even after drawing all inferences in a light most favorable to Plaintiff, there is no jury that could reasonably rule in Plaintiff's favor after considering the undisputed facts with respect to whether Defendants had any knowledge that Plaintiff was not compensated for any hours worked during his employment. As a result, the Court should grant summary judgment in Defendants' favor and against Plaintiff as he is not be able to establish an FLSA violation as a matter of law.

IV. **Summary Judgment Should Be Granted Because Advanced Motion Therapeutic of Vero Beach, LLC Is An Improper Defendant**

Even if Defendants are denied summary judgment based on the grounds above, summary judgment would still be proper with respect to Defendant AMT Vero Beach as an improper defendant. Specifically, summary judgment is proper on the grounds that no enterprise coverage exists with respect to Defendant AMT Vero Beach under the FLSA. Enterprise coverage exists when an employer:

> (i) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) has an annual gross volume of sales made or business done that is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1).

Notably, AMT Vero Beach does not employ anyone or conduct any business. Therefore, at no point was Plaintiff employed by Defendant AMT Vero Beach. Plaintiff has failed – and will be unable – to proffer any evidence to suggest otherwise. As such, there is no genuine issue as to this material fact. As a result, the Court should grant summary judgment in Defendant AMT Vero Beach's favor and against Plaintiff as he is not be able to establish that AMT Vero Beach was Plaintiff's employer pursuant to the FLSA.

## **CONCLUSION**

There are no genuine issues of disputed material fact. Accordingly, when the relevant case law is applied to the well-developed record evidence in this case, the only conclusions that a reasonable trier of fact could reach are that Plaintiff cannot establish by just and reasonable inference the amount and extent of his overtime work. Indeed, the entirety of Plaintiff's claim is founded on speculation and his own testimony, which no reasonable jury would accept. Accordingly, even after drawing all inferences in a light most favorable to Plaintiff, there is no jury that could reasonably rule in Plaintiff's favor after considering the undisputed facts with respect to the key issues in this case. Additionally, Defendant AMT Vero Beach is an improper defendant in this action.

For the foregoing reasons, Defendants request that the Court grant Defendants' Motion and enter summary judgment against Plaintiff as to all of his claims, award Defendants their costs, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/Gregory P. Brown*
Gregory P. Brown (Fla. Bar No. 098760)
Jeffrey J. Wilcox (Fla. Bar No. 0071163)
HILL WARD HENDERSON, P.A.
101 East Kennedy Boulevard, Ste. 3700
Tampa, Florida 33602
Tel: (813) 221-3900
Fax: (813) 221-2900
Gregory.Brown@hwhlaw.com
Jeffrey.Wilcox@hwhlaw.com
Ann-Marie.Hallett@hwhlaw.com
Regina.Bigness@hwhlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon Plaintiffs, through their counsel, through this Court's CM/ECF system, this 21st day of May, 2020.

*/s/Gregory P. Brown*
