UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-62609-RAR

WILLIAM DIERDORF,

 Plaintiff,

v.

ADVANCED MOTION THERAPEUTIC
MASSAGE, INC., *et al.,*

 Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendants' Motion for Summary Judgment [ECF No. 65] ("Motion"), filed on May 21, 2020.  Defendants assert they are entitled to summary judgment on Plaintiff William Dierdorf's claims under the Fair Labor Standards Act ("FLSA") for allegedly earned and unpaid overtime compensation.  Having considered the parties' written submissions, the record, and applicable case law, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [ECF No. 65] is **DENIED** as set forth herein.

## BACKGROUND

Plaintiff was employed as a Physical Therapist Assistant ("PTA") by Defendant Advanced Motion Therapeutic Massage, Inc. ("AMT") from approximately September 1, 2016 through August 2, 2019.  *See* Compl. [ECF No. 1] ¶ 10.  Plaintiff worked between 50 and 60 hours per week earning roughly $25 per hour but claims that he was not paid for all hours worked in excess of 40 per week.  Specifically, Plaintiff argues that he was not compensated for the hours during which he completed patient charts and daily progress notes.

AMT's business facility was open Monday through Friday, from 8:00 AM to 7:00 PM. Pl. Resp. in Opp. to Defs. Statement of Material Facts in Supp. of Mot. for Summary Judgment [ECF No. 75] ("Pl. SOMF") ¶ 15. Plaintiff would treat at least one, and sometimes up to three, patients during every hour he was scheduled to work. *Id*. ¶¶ 17-18. This required meeting with patients and providing one-on-one care. *Id*. ¶ 20. However, charting patient records and inputting patient notes was also included as part of Plaintiff's job duties. And because Plaintiff's treatment of patients monopolized his time while physically present at the facility, he was forced to complete his patient documentation duties after all of his scheduled appointments were done. *Id*. ¶¶ 19, 23-24. This usually meant that Plaintiff would complete these duties at home, as Plaintiff insists he was instructed to do by his superiors. *Id*. ¶¶ 25-27.

It is these hours that Plaintiff allegedly worked inputting patient records that form the heart of this dispute. Plaintiff submitted his own timesheets—detailing hours worked per pay period—to Defendants for payment on a bi-weekly basis, and these timesheets did not include the hours he seeks payment for in this suit. *See* Defs. Statement of Material Facts [ECF No. 66] ("Defs. SOMF") ¶¶ 1, 4. Instead, Plaintiff's timesheets only included hours worked attending to scheduled patients because, according to Plaintiff, he was told that he was "only paid for the time that he was at the facility treating patients." Pl. SOMF ¶¶ 1-2, 4.

To demonstrate the number of hours allegedly worked beyond those indicated on the timesheets, Plaintiff offers records from WebPT, the third-party software system Plaintiff was instructed by Defendants to use to chart patient files. *Id*. ¶ 36; *see also generally* Ex. B, Pl. SOMF. The software is programmed to log a user out for inactivity, upon which all of the information entered into patients' notes is deleted. Pl. SOMF ¶¶ 36-38. Thus, Plaintiff avers that he "is entitled to compensation for all hours identified in the WebPT activity log between 7:00 p.m. and 8:00

a.m. because those were the times that Plaintiff was not treating patients, and was instead drafting progress and daily notes." *Id*. ¶ 39.

Plaintiff filed his Complaint on October 21, 2019, alleging two claims for unpaid overtime wages under the Fair Labor Standards Act—one against Defendants AMT Massage, Inc. and AMT of Vero Beach, LLC (collectively, the "Corporate Defendants") and another against Defendants Maria and Omiros Zambigadis (collectively, the "Individual Defendants"). Compl. [ECF No. 1]. In their Motion, Defendants maintain that: 1) Plaintiff cannot demonstrate that he worked overtime without compensation because his own self-prepared timesheets do not include such overtime work; 2) even if he could demonstrate that he worked overtime without compensation, Defendants did not have knowledge of such work; and 3) Defendant AMT of Vero Beach is an improper defendant because no enterprise coverage exists under the FLSA. In his Response [ECF No. 75] ("Resp."), Plaintiff counters that: 1) the audit logs from WebPT create an issue of fact as to whether Plaintiff worked overtime without compensation; 2) an issue of fact exists as to whether Defendants had actual or constructive knowledge of said work; 3) and Defendant AMT of Vero Beach is a proper defendant under the FLSA.

## **LEGAL STANDARD**

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party has the burden of proving the

absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)). Further, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (alteration added and citation omitted).

## ANALYSIS

"Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 15 U.S.C. § 207(a)(1)). "[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted." *Id*. (internal quotations omitted). It therefore follows that in order to recover, "a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Id*. at 1314–15.

Because Plaintiff must establish both elements in order to eventually recover, he must show that a genuine dispute of material fact exists as to both in order to defeat summary judgment. The Court therefore reviews the two elements in turn followed by Defendants' assertion that AMT of Vero Beach, LLC is an improper defendant.

### A. *Uncompensated overtime hours*

Defendants argue that no reasonable jury could find that Plaintiff worked overtime without compensation because his own self-prepared timesheets do not include such overtime work and he fails to produce evidence to rebut these records. *See* Mot. at 4-6.

"Where the employer has records of time, the employee must come forward with sufficient evidence to call such records into question." *Allen*, 495 F.3d at 1315. Where the accuracy or adequacy of an employer's records is called into question, the Court applies a "relaxed burden-shifting scheme." *Id.* In such a situation, an employee has "carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 1316. The burden then shifts to the employer, who must submit evidence of either the precise amount of work the employee performed or "evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

In his deposition testimony, Plaintiff detailed how he was required to chart patient records from home and was not paid for this time. Pl. Depo. Tr. [ECF No. 66-1] at 32:2-3; 60:1-3; 76:2-17. This alone weighs heavily towards calling the accuracy of the timesheets into question. *See, e.g.*, *Gohn v. EB, LLC*, No. 2:18-cv-866, 2020 WL 5984013, at *5 (N.D. Ala. Oct. 8, 2020) ("[Plaintiff]'s testimony calls into question [defendant]'s records in as much as she unambiguously testified that she worked after she clocked out. If [plaintiff]'s testimony is to be believed, as it must be at summary judgment, [defendant] did not accurately pay her for the amount of time she worked."). Plaintiff also testified that he was told by Defendants' Office Manager that he would not be paid for this time, which is why he did not include it on his timesheets. Pl. Depo. Tr. at 78:

11-14; 135:22-136:4.[1]  Drawing all reasonable inferences in favor of Plaintiff as the non-movant, this further explains why Plaintiff would not have listed these hours on his timesheets, and once again calls their veracity into question.  *See Clark v. Northview Health Servs., LLC*, No. 11–0664–WS–N, 2013 WL 790850, at *3 (S.D. Ala. Mar. 4, 2013) ("Since there is evidence that [the defendant's owner] told the plaintiff her off-duty work would be considered unauthorized overtime, prompting her not to record those hours, the defendants cannot hide behind their records and thereby avoid liability.").  "A contrary conclusion would undermine the remedial goals of the FLSA, as it would permit an employer to obligate its employees to record their own time, have its managers unofficially pressure them not to record overtime, and then, when an employee sues for unpaid overtime, assert that his claim fails because his timesheets do not show any overtime." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363-64 (2d Cir. 2011).

Once a plaintiff has demonstrated an issue of fact as to the accuracy of an employer's time records, he must then show the amount of unpaid work "as a matter of just and reasonable inference." *Allen*, 495 F.3d at 1316 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  Here, Plaintiff primarily relies on a third party's login and logout report to support his allegation that he worked overtime hours for which he was not paid.  Pl. SOMF. ¶¶ 36-38.

---

[1]  Defendants point out that the Office Manager, Linda Chauvin, passed away before the filing of this action, and therefore any testimony regarding alleged statements by Ms. Chauvin constitutes inadmissible hearsay. Reply to Pl. Am. Resp. in Opp. to Def. Mot. for Summary Judgment [ECF No. 77] ("Reply") at 8 n.4.  This testimony is the subject of Defendants' pending Amended Motion *in Limine* [ECF No. 79].  Generally, inadmissible hearsay cannot be considered on a motion for summary judgment.  *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999).  However, as it pertains to the disputed accuracy of the timesheets, Plaintiff's testimony that Ms. Chauvin told him that he would only be paid for time treating patients is not being offered for the truth of the matter asserted, but rather for the effect it had on Plaintiff as the listener. *See United States v. Trujillo*, 561 F. App'x 840, 842 (11th Cir. 2014) ("Generally, an out-of-court statement admitted to show its effect on the listener is not hearsay.")  (citation omitted); *see also* FED. R. EVID. 801(c)(2) ("'Hearsay' means a statement that . . .  a party offers in evidence to prove the truth of the matter asserted in the statement.").  This statement by Ms. Chauvin is not being offered to prove that Plaintiff was not paid for time spent not treating patients, but rather to show the statement prevented Plaintiff from entering such time on the timesheets in question.  At this stage in the proceedings, the Court will consider such testimony solely for this limited purpose.

Specifically, Plaintiff argues that he "is entitled to compensation for all hours identified in the WebPT Activity Log between 7:00 p.m. and 8:00 a.m. because those were the times that Plaintiff was not treating patients and was instead drafting progress and daily notes."  Resp. at 7.

This precise type of evidence was deemed sufficient in *Schainberg v. Urological Consultants of S. Fla., P.A.*, No. 12-21721-CIV, 2013 WL 12086461, at *7 (S.D. Fla. Mar. 18, 2013).  There, the "[p]laintiff [] submitted an array of evidence regarding the log in/log out information from the computer software, which she claim[ed] substantiate[d] her testimony regarding her overtime work.  Plaintiff further maintain[ed] [d]efendants' time records [were] incorrect, as [d]efendants would not permit [p]laintiff to submit the overtime she worked."  *Id*. This Court agrees that "[t]his is 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"  *Id*. (quoting *Anderson*, 328 U.S. at 687).

While Defendants take issue with Plaintiff's estimation of his hours using the WebPt audit logs, *see* Mot. at 5, the Eleventh Circuit has made clear that "[a]lthough a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, the remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee."  *Allen*, 495 F.3d at 1315 (internal citation and quotation omitted).  Thus, contrary to Defendants' assertions, Plaintiff is not required at this stage to prove the exact amount of time he spent performing overtime work.  The evidence from the WebPT audit logs is sufficient to delineate the amount of Plaintiff's unpaid overtime by "just and reasonable inference."  *Id.* at 1316; *cf. Straley v. Ferrellgas, Inc.*, No. 8:08-cv-2460-T-26MAP, 2009 WL 10670500, at *2 (M.D. Fla. Sept. 16, 2009) (finding plaintiff's evidence insufficient where plaintiff testified that she "could not begin to estimate the amount of time" that she worked off the clock and "could not identify anything that would help her make such an estimate, other than her

*personal speculation* that computer records *might* reflect her log in and log out times.") (emphases added).  Accordingly, for the foregoing reasons, the Court finds that a genuine issue of material fact exists as to whether Plaintiff worked overtime without compensation.

### B.  *Defendants' knowledge of unpaid overtime*

Upon demonstrating that a genuine issue of fact exists as to whether he worked unpaid overtime, Plaintiff must also establish that an issue of fact exists as to Defendants' knowledge of such unpaid overtime to survive summary judgment.  The Court must be satisfied that a reasonable jury could conclude from the evidence that Defendants knew or should have known that Plaintiff was working overtime for which he was not compensated.  *See Allen*, 495 F.3d at 1314–20 (discussing proof by either actual or constructive knowledge).  Here, a genuine issue of fact exists as to Defendants' both actual and constructive knowledge of Plaintiff's overtime work.

Plaintiff testified that he spoke to his supervisor, Doyle Sewell, about not being paid for time spent charting patient records outside of Defendants' facility.  Pl. Depo. Tr. at 77:7-78:3.  This actual knowledge of Plaintiff's unpaid overtime is attributable to Defendants because "[k]nowledge by supervisors . . . is typically imputed to the employer."  *Sidell v. MedMark Servs. Inc.*, No. 2:16-cv-176-RWS, 2017 WL 6994574, at *5 (N.D. Ga. Aug. 3, 2017) (citing *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827–28 (5th Cir. 1973)).[2]

The record also raises an issue of fact as to whether Defendants had constructive knowledge of Plaintiff's unpaid overtime, which, unlike actual knowledge, "is measured in accordance with [an employer's] duty to inquire into the conditions prevailing in his business."

---

[2]  Defendants insist that imputing Sewell's knowledge to them is inappropriate because "Sewell maintained the same position as Plaintiff."  Reply at 9.  However, Plaintiff testified that Sewell was promoted above him and was his supervisor at the time he spoke with him about not being paid for the time spent charting records outside the facility, Pl. Depo. Tr. at 117:13-23, and Defendants point to no evidence in the record to suggest this is untrue.

*Reich v. Dept' of Conservation & Nat. Res.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (citation omitted). "In reviewing the extent of an employer's awareness, a court need only inquire whether the *circumstances* were such that the employer either had knowledge of overtime hours worked or else had the opportunity through reasonable diligence to acquire knowledge." *Id.* (emphasis in original) (internal citations and quotations omitted). Notably, "when an employer turns a blind eye to overtime needed to accomplish all job tasks, knowledge can be inferred." *Sidell*, 2017 WL 6994574, at *6.

The evidence here indicates that Defendant Homer Zambigadis, an owner of the Corporate Defendants, knew that Plaintiff spent time charting patient records outside the facility and at times even instructed him to do so. Pl. Depo. Tr. at 76:13-24; 112:15-113:8. A jury could reasonably conclude that Plaintiff did so, and Zambigadis knew as much, because it was impossible for Plaintiff to complete the charting of patient records—an essential responsibility of his position— within the time frame that he was at Defendants' facility, which was the only time for which he was compensated. During every hour Plaintiff was scheduled to work, he was scheduled to treat at least one patient without breaks, and there was a "common practice" of him treating two, and sometimes even three, patients simultaneously during the same hour. *Id.* at 105: 11-24; 125: 5-22; 126: 7-15. Because patients required "hands on" treatment from Plaintiff, it was not possible for Plaintiff to complete all necessary charting for each patient while at the facility, *id.* at 126:24-127:20, especially considering that Plaintiff was allegedly "discouraged" from charting records while treating patients and was "reprimanded [] on several occasions" for doing so, *id.* at 78:20-23.

Indeed, Plaintiff testified that if he was seen charting records at the facility instead of being with a patient one-on-one, he would get "chew[ed] out" with "foul language" by his supervisors,

including the Individual Defendants.  *Id.* at 79:11-18; 141:6-9.  Thus, Plaintiff completed these recordkeeping tasks away from the facility after regular working hours, and the audit logs show that Plaintiff's own supervisor apparently did the same.  *See* Ex. B, Resp. [ECF No. 76-2] at 26; 137-38; 169-70; 176-77; 258-59.

Based upon this evidence, a reasonable jury could conclude that with a minimal degree of diligence, Defendants could have reviewed Plaintiff's timesheets—which showed only the time spent treating patients—and realized they did not encompass the time Plaintiff was required to spend charting patient records away from the facility.  *See Sidell*, 2017 WL 6994574, at *6; *see also Quintero v. Lopez*, No. 15-21162-CIV, 2016 WL 7508264, at *5 (S.D. Fla. June 6, 2016) ("Plaintiff told Defendants that she did not have enough time in her workday to complete all of her duties, but Defendants do not allege that Plaintiff ever failed to complete her duties.  A reasonable inference is that Plaintiff was required to work [overtime] to complete her duties."); *Fletcher v. Universal Tech. Inst., Inc.*, No. 6:05CV585ORL31DAB, 2006 WL 2297041, at *6 (M.D. Fla. June 15, 2006) (finding that with a reasonable degree of diligence, the defendants could have discovered that their employees needed to work overtime "in order to accomplish all of the tasks associated with their jobs.").  This is especially so in light of the duty of employers and management to exercise control of the workplace and prevent undesired work from being performed.  29 C.F.R. § 783.13 ("[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed.  It cannot sit back and accept the benefits without compensating for them."); *see also Reich*, 28 F.3d at 1082 (discussing employer duty to inquire into conditions of work).

Defendants again point to the timesheets submitted by Plaintiff, arguing that because he did not include the alleged overtime work on the timesheets he prepared, they cannot be charged

with knowledge of such work.  Mot. at 7-8.  Defendants rely on commonly-cited authority holding

that an employer does not have knowledge of uncompensated overtime when an employee submits

timesheets showing the claimed overtime did not occur.  *See, e.g.*, *Gilbert v. City of Miami*

*Gardens*, 625 F. App'x 370, 373 (11th Cir. 2015) (quoting *Gaylord v. Miami–Dade Cty.*, 78 F.

Supp. 2d 1320, 1325 (S.D. Fla. 1999)).  "In each of these cases, however, the plaintiffs were

responsible for reporting their work hours and the employers had no knowledge of the plaintiffs'

off-the-clock hours and no reason to know that the information reported by the employee was

inaccurate."  *Dudley v. All Seasons Landscaping, Inc.*, No. 8:10–cv–1660–T–33AEP, 2011 WL

5358699, at *2 (M.D. Fla. Nov. 2, 2011).  For the reasons explained above, that is not the case

here.  *See Clark*, 2013 WL 790850, at *4 ("The defendants insist that an employer does not have

knowledge of uncompensated overtime when an employee submits time sheets showing such

overtime did not occur, but this is not an exceptionless rule, and it cannot be applied when, as here,

the employer had actual knowledge of the overtime hours from its own involvement in their

incurrence.  *Gaylord* has been repeatedly distinguished on this basis.") (internal quotation omitted)

(collecting cases); *Reyna v. Conagra Foods, Inc.*, No. 3:04–cv–39, 2006 WL 3667231, at *5 (M.D.

Ga. Dec. 11, 2006) (rejecting defendants' argument that defendants cannot be charged with

knowledge of plaintiffs' uncompensated overtime because plaintiffs signed and approved their

time card summaries reflecting fewer hours than those actually worked when defendants had actual

knowledge that plaintiffs were working overtime).

Because Plaintiff has submitted evidence that Defendants had knowledge of hours worked

in excess of those reported on his timesheets, the Court finds that there is a genuine issue of

material fact as to whether the amount Plaintiff received in compensation from Defendants is the

totality of the amount to which Plaintiff is entitled.  Accordingly, the Court is precluded from granting summary judgment on this issue in favor of Defendants.

### C.  Whether Defendant AMT of Vero Beach is a proper defendant

Defendants fail to cite any evidence supporting their allegation that Defendant AMT of Vero Beach, LLC is an improper defendant.  In support of their argument that no enterprise coverage exists under the FLSA, Defendants offer only the unsupported allegation that "AMT Vero Beach does not employ anyone or conduct any business."  Mot. at 10-11.

There is no burden on the Court to identify unreferenced evidence supporting a party's position.  FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials . . ."); *see also Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (explaining that judges "are not like pigs, hunting for truffles buried in briefs . . . ") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *Atlanta Gas Light Co. v. UGI Utilities, Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2006) (explaining that courts do not have "an obligation to parse a summary judgment record to search out facts or evidence not brought to the court's attention."). Thus, the Court concludes that Defendants have not met their burden of demonstrating that there is no genuine issue of material fact as to whether Defendant AMT of Vero Beach, LLC is an improper defendant.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [ECF No. 65] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of January, 2021.

**RODOLFO A. RUIZ II**

**UNITED STATES DISTRICT JUDGE**